IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LISA MARIE ZERTUCHE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL NO. |
| vs. | § | SA-17-CV-0754-ESC |
| | § | |
| NANCY A. BERRYHILL, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION; | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

This order concerns Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act [#20]. By his motion, Plaintiff asks the Court to grant attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action. The EAJA, 28 U.S.C. § 2412, provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust. *Id.*

The record reflects that on July 12, 2018, this Court vacated the Commissioner's decision finding Plaintiff not disabled and remanded this case for further findings and proceedings [#19]. The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

In support of his motion, Plaintiff's counsel has submitted an itemization of the hours he spent representing Plaintiff in this case before the Court. (Ex. 1 [#20-1] at 1.) According to

Plaintiff, he has spent a total of 37.1 hours on this case at a rate of $185.00 per hour, and therefore requests a total award of attorney's fees in the amount of $6,863.50. (*Id.*) According to the fee agreement with Plaintiff, Plaintiff assigned his rights to any fees payable to Plaintiff under the EAJA to his counsel. (Ex. 2 [#20-2] at 1.) The Commissioner filed a response to the motion, in which she indicated she is unopposed to the award of fees to Plaintiff as a prevailing party under the EAJA and that the fee request of $6,863.50 is reasonable.

Having reviewed the motion and the record in this case, and in light of the lack of opposition on the part of the Commissioner, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case, and the Court will grant Plaintiff's motion for an award of fees in the requested amount of $6,863.50.

**IT IS THEREFORE ORDERED** that Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act [#20] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $6,863.50 in attorney's fees made payable to Plaintiff and mailed to Plaintiff's counsel at his address on record.

**IT IS SO ORDERED**.

SIGNED this 17th day of October, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE